IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-158-FL

| | |
|---|---|
| FREEMON WYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 18, 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, issued a memorandum and recommendation ("M&R") (DE 25), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, the court adopts the M&R, denies plaintiff's motion, and grants defendant's motion.

## BACKGROUND

On August 1, 2018, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning January 1, 2014. The applications were denied initially and upon reconsideration. A telephone hearing was held on April 28, 2020, before an administrative law judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated May 6, 2020. After the appeals council denied plaintiff's request for review, plaintiff

commenced the instant action on April 5, 2021, seeking judicial review of defendant's decision.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his [or her] conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28

---

[1]   Internal citations and quotation marks are omitted from all citations unless otherwise specified.

U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from the alleged onset date through the date last insured of December 31, 2018. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; cervical and lumbar radiculopathy; gout; bilateral pes planus; bilateral plantar

3

fasciitis; post-traumatic stress disorder (PTSD) and depression.  However, at step three, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations:

> [H]e could occasionally climb ramps, stairs, ladders, ropes and scaffolds. The claimant could occasionally stoop, kneel, crouch and crawl. The claimant could occasionally reach overhead, bilaterally. The claimant could perform simple and routine tasks and could maintain attention, concentration and persistence to perform such tasks at a non-production rate pace meaning, no assembly line type or quota based work. The claimant could occasionally interact with supervisors and coworkers and could have only incidental contact with the general public. The claimant could adapt to infrequent changes in work routine. Due the combination of his severe impairments, as well as the side effects of medication, the claimant would have been off task 10% of the work day.

(Tr. 16).

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work, but that there were jobs that exited in significant numbers in the national economy that plaintiff could have performed. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act, from January 1, 2014, through December 31, 2018.

B.    Analysis

In his objections, plaintiff argues that the ALJ erred in failing to give substantial weight to a Department of Veterans Affairs ("VA") disability rating and by failing to give persuasive, specific, and valid reasons for doing so. The magistrate judge addressed cogently plaintiff's arguments regarding this issue. Having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full.  See 28

4

U.S.C. § 636(b)(1).[2]  The court writes separately to augment the analysis in the M&R and to address the arguments raised in plaintiff's objections.

In arguing in favor of remand, plaintiff notes that the United States Court of Appeals for the Fourth Circuit has not yet ruled on the issue raised in plaintiff's objections, district courts in this state are split, and one case cited in the M&R presently is on appeal before the Fourth Circuit. (See M&R (DE 25) at 10 (citing Rogers v. Comm'r of Soc. Sec., No. 320CV00206RJCDSC, 2022 WL 135310, at *1 (W.D.N.C. Jan. 13, 2022)).  This court, however, previously has addressed the issue raised, and the court adheres to its prior determination that ALJs are "no longer required to provide written analysis about how they consider the decisions from other governmental agencies." Pizarro v. Kijakazi, No. 5:21-CV-46-FL, 2022 WL 966823, at *4 (E.D.N.C. Mar. 30, 2022) (quoting Woods v. Berryhill, 888 F.3d 686, 691 n. 1 (4th Cir. 2018)).  Accordingly, remand is not required on the basis that the ALJ failed to explain adequately the weight given to plaintiff's VA disability rating.

In addition, and in the alternative, the ALJ in this case sufficiently explained her reasons for not giving substantial weight to the VA disability rating, such that defendant's "path may reasonably be discerned" upon judicial review.  Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 286 (1974).  In particular, the ALJ expressly addressed the "VA disability rating of 100%" in her decision, and the ALJ noted that the VA disability rating "is not binding on a Social Security disability decision," citing 20 C.F.R. 404.1504 (Tr. 22).  The ALJ described the evidence underlying the VA disability rating, (id. (citing Tr. 429-614, 674-1143, and 1482-1550)), and the ALJ noted that she gave "consideration to this evidence in determining the residual

---

[2] In his motion, plaintiff argues that remand is required because the ALJ's appointment violated the Appointments Clause and the structure of the Social Security Administration is constitutionally invalid.  Where plaintiff has not objected to the magistrate judge's determination of these issues, the court adopts the analysis of the M&R on these issues upon clear error review.

functional capacity . . . and [found] it to be somewhat persuasive." (Id. (citing Bird v. Commissioner, 699 F.3d 337 (4th Cir. 2012)). As such, the ALJ's decision in this case meets the requirement of ensuring that "another agency's disability determination 'cannot be ignored and must be considered.'" Bird, 699 F.3d at 343 (quoting Social Security Ruling No. 06–03p).

In sum, the ALJ did not err in failing to give substantial weight to the VA disability rating or in failing to explain the weight given to the same.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 25). Plaintiff's motion for judgment on the pleadings (DE 18) is DENIED, and defendant's motion for judgment on the pleadings (DE 22) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of September, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge